UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephen George Spartz, | Case No. 19-cv-2739 (DSD/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Larry TeBrake, Previous CEO of SPRTC (Saint Peter Regional Treatment Center), et al.; | |
| Defendants. | |

Plaintiff Stephen George Spartz entered an *Alford* plea in or around 1997 to a criminal charge brought against him in state court. Spartz believed the plea to have been coerced from him and, after the criminal matter had concluded, he made several ominous statements about Judge Richard Perkins, who had presided over the criminal case, including that "Judge Perkins deserves the death penalty and . . . I will enforce it."[1] Compl. at 31 [ECF No. 1]. As a result of that and other statements and subsequent mental examinations, Spartz was civilly committed by the State of Minnesota — a civil commitment that remained in effect for nearly two decades. Only recently has that commitment concluded.

Spartz now brings this action against Judge Perkins for alleged improprieties during the criminal matter. Spartz also alleges that his civil commitment was unlawful and that his constitutional rights were violated in several respects during the course of

---

[1] Other details regarding the circumstances of Spartz's commitment can be found in *Spartz v. Jesson*, No. A14-1199, 2014 WL 7344385, at *1-3 (Minn. Ct. App. Dec. 29, 2014).

1

that civil commitment.  Spartz did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status.  *See* ECF No. 2.  That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Spartz qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Before getting to the deficiencies in Spartz's complaint, this Court must note that the pleading is long — very long.  At ninety-three single-spaced pages (with a four-page

single-spaced addendum in summarization), Spartz's pleading is longer than all but the very most verbose complaints filed in this District. As the need for a four-page summarization suggests, the pleading is also needlessly complex. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a litigant present only "a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). A district court may dismiss *sua sponte* a complaint that does not comply with Rule 8. *See Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992) (unpublished table disposition).

Despite the pleading's overlength, this Court has reviewed the entirety of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). After review, this Court concludes that none of the complaint is viable and that the matter must be dismissed.

First, much of the complaint attacks the validity of the *Alford* plea entered by Spartz in state court — a plea that Spartz alleges was coerced from him and otherwise inconsistent with due process. These claims are squarely foreclosed by the doctrine set forth in *Heck v. Humphrey*, in which the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship

3

> to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (Footnote omitted.) Spartz's conviction has not been overturned, expunged, or otherwise invalidated. A civil action is not the appropriate mechanism through which to challenge a facially valid conviction. All claims raised by Spartz that necessarily depend upon the invalidity of that conviction are therefore barred by *Heck*.

Second, Spartz also alleges that the fact of his civil commitment was unlawful. Again, though, *Heck* precludes relief. *See McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (collecting cases for proposition that "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence."). Spartz was released from his civil commitment, but never has that civil commitment been found to have been unlawful or otherwise invalid. Spartz therefore cannot raise claims in this proceeding that necessarily depend upon the invalidity of that commitment.[2]

Third, returning to the claims against Judge Perkins: "[G]enerally, a judge is immune from a suit for money damages" for actions taken in the judge's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (collecting cases). This is true "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Spartz insists that by showing that his due-process rights were

---

[2] Among the claims that this Court finds to be precluded by *Heck* is the claim by Spartz that he was detained as a result of his "Neo-Tech" religious beliefs. If Spartz were detained for no reason other than his religious beliefs — and the judicial record belies that fact, *see Spartz*, 2014 WL 7344385, at *1-3 — the allegation necessarily implies the invalidity of Spartz's detention. But *Heck* precludes such claims from being prosecuted until the commitment is found to be unlawful through an appropriate procedural vehicle.

4

violated during the criminal proceedings, he can establish Judge Perkins's liability for the events at issue. Not so: The only actions alleged of Judge Perkins in the complaint are quintessentially judicial functions, and Judge Perkins has immunity from suit for all such functions taken not in the complete absence of jurisdiction. All claims against Judge Perkins therefore fail.

Fourth, much of the complaint is barred by the relevant statute of limitations. The statute of limitations for actions under 42 U.S.C. § 1983 in Minnesota is six years. See *Egerdahl v. Hibbing Community Coll.*, 72 F.3d 615, 618 n.5 (8th Cir. 1995) ("In Minnesota, § 1983 claims are governed by the six-year limitations period of Minnesota's personal-injury statute."). Spartz filed this action on October 17, 2019. Accordingly, any claims accruing before October 17, 2013, are barred by the statute of limitations.

The vast majority of Spartz's complaint concerns events and occurrences that took place well before October 17, 2013. The criminal proceedings that kicked off the events at issue took place in 1997; Spartz's detention proceedings took place only a few years later. Most of the claims regarding the treatment of Spartz while committed relate to events that occurred long before 2013. All of these claims must be excluded from consideration.

What remains of Spartz's complaint[3] is a smattering of allegations that, he contends, establish that his constitutional rights were violated during the course of his civil commitment within the past six years. None of the actions alleged by Spartz,

---

[3] One claim of fraud, brought against defendant Margaret Ko, arises under state law rather than federal law. The Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, it is recommended that this claim be dismissed without prejudice as well.

however, rise to the level of constitutional violations. For example, Spartz repeatedly takes issue with diagnoses and courses of treatment offered by mental-health practitioners during the course of his civil commitment. But to establish a constitutional violation, Spartz cannot merely allege that his medical treatment was less than ideal, or that he disagreed with a course of treatment. Instead, Spartz must plausibly allege that he suffered from an objectively serious medical need and that state officials deliberately disregarded that need. *See, e.g., Popalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008); *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). Even taking (as this Court must) Spartz's non-conclusory allegations as true, nothing in the complaint establishes deliberate indifference on the part of the medical defendants.

Spartz also alleges that he was treated differently during the course of his commitment on account of his religious beliefs. Under *Heck*, Spartz cannot challenge the *fact* that he was detained on the grounds that the detention itself was an infringement of his religious beliefs. He can, however, raise claims showing that his equal-protection rights were violated during the commitment. Never, though, does Spartz plausibly allege that he was subject to retaliation or other differential treatment as a result of his beliefs. Spartz's claims of discrimination are almost wholly conclusory.

For all these reasons, Spartz's complaint falls short of the mark. It is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Stephen George Spartz [ECF No. 2] be DENIED.

Dated: January 8, 2020              s/David T. Schultz\_\_
                                    DAVID T. SCHULTZ
                                    United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).